UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **WILLIE ORLANDO McKINNON,** | * | |
| **Plaintiff,** | * | |
| v | * | **Civil Action No. GJH-22-944** |
| **DIRECTOR ANGELA TALLEY,** *et al.*, | * | |
| **Defendants.** | * | |
| | *** | |

## MEMORANDUM OPINION

Defendants Director Angela Talley, Warden Susan Malagari, Corporal Fazel Malik, Corporal Derek Ivey, and Sergeant Anthony Harris[1] filed a Motion to Dismiss Plaintiff Willie Orlando McKinnon's civil rights Complaint, filed pursuant to 42 U.S.C. § 1983, asserting that he was subjected to excessive force. ECF No. 11. Plaintiff opposed the Motion and Defendants replied. ECF Nos. 13, 14. No hearing is required to address the matters pending. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendants' Motion shall be GRANTED in part and DENIED in part.

### I.     Background

At all times relevant to his Complaint, Plaintiff was a pretrial detainee at the Montgomery County Correctional Facility ("MCCF"). Plaintiff states that on October 31, 2021, he was in a fight with another inmate. ECF No. 1-1 at 1. During the altercation, while Plaintiff and the other inmate were on the ground, but no punches were being exchanged, the "ERT team" arrived, and without any verbal warning, one of the ERT officers sprayed mace in Plaintiff's face twice while another kneed him in the back twice and then punched him in the face approximately four to eight

---

[1]     The Clerk shall be directed to amend the docket to reflect Defendants' full names.

times.  *Id.*  Plaintiff asserts he was losing consciousness, but felt an officer on top of him with a knee in his back and attempted to tell them he could not breathe.  *Id.*  Once he was handcuffed, he struggled to stand because his legs were numb.  *Id.* at 1-2.  Plaintiff filed a grievance form on November 2, 2021.  *Id.* at 3.  He seeks monetary damages.  ECF No. 1 at 3.

## II.     Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted).  When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint[,]" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted).  The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III.   Analysis

The Complaint asserts violations of Plaintiff's Fourth and Eighth Amendment rights.  *See* ECF No. 1-1.  Defendants contend that neither cause of action is viable because they do not protect Plaintiff as a pretrial detainee.  ECF No. 11-1 at 3-4.  Defendants assert that the Eighth Amendment only protects convicted inmates and the Fourth Amendment "does not extend to the alleged mistreatment of pretrial detainees in custody."  *Id.* at 3.  Additionally, Defendants assert that Plaintiff fails to state a claim for relief against any of the Defendants.  *Id.* at 4-6.

The Court does not find Defendants' first argument persuasive.  Plaintiff is not required to have specifically pleaded his claim under the applicable constitutional provision to adequately state a claim for relief.  *King v. Rubenstein*, 825 F.3d 206, 222 (4th Cir. 2016) (quoting *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 418 (4th Cir. 2014)); *see also Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995) ("Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet [the standard for notice pleading under Federal Rule of Civil Procedure 8(a)(2)].").  Furthermore, because Plaintiff is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  As such, it is within this Court's discretion to construe Plaintiff's claims as filed pursuant to the Fourteenth Amendment which protects him from the excessive use of force as a pretrial detainee.  However, as discussed below, Plaintiff still fails to state a claim against Defendants Talley and Malagari.

#### A.   Director Talley and Warden Malagari

Because there is no vicarious liability for a § 1983 claim, a defendant is generally liable only upon their personal participation in a constitutional violation.  *Williamson v. Stirling*, 912

F.3d 154,171 (4th Cir. 2018) ("To establish personal liability under § 1983, however, the plaintiff must 'affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiffs rights.'" (quoting *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985))).  A claim of supervisory liability requires a showing that a supervisor had knowledge of a subordinate's conduct that risked constitutional injury to the plaintiff, that the supervisor was deliberately indifferent to or tacitly authorized such conduct, and that the inaction affirmatively caused the constitutional injury to the plaintiff.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Other than being named as defendants, plaintiff does not make any allegations of wrongdoing against Talley or Malagari.  Furthermore, nothing in the Complaint indicates that as supervisors at MCCF, they were a part of the "ERT team" that responded or otherwise participated in the alleged use of force.  As Plaintiff does not state a plausible claim for relief against Talley or Malagari, the Complaint must be dismissed against them.

### B.     Cpl. Ivey, Cpl. Malik, and Sgt. Harris

Remaining are Defendants Ivey, Malik, and Harris, all of whom contend that the Complaint should be dismissed because Plaintiff attributes the alleged uses of force to ERT members rather than any one of them in particular.  ECF No. 11-1 at 5.  Specifically, Defendants note that Plaintiff alleged he was sprayed with mace, punched in the face, and kneed in the back, but did not state that either Ivey, Malik, or Harris performed these actions.  ECF No. 14 at 2.  Defendants assert that because Plaintiff failed to particularize any allegations against them, the Complaint fails to provide them proper notice.  ECF No. 11-1 at 5.

However, despite their argument that none of the misconduct alleged is specifically attributed to Defendants, they acknowledge, albeit in a footnote, that Plaintiff attached to the Complaint a copy of his adjustment report which states that Defendant Malik was responsible for

4

spraying Plaintiff with mace during the incident in question. ECF No. 1-2 at 1; *see* ECF No. 11-1 at 6 n.1. Additionally, the report notes that Ivey and Harris were, at least, witnesses and present during the incident as well. Plaintiff also includes in his opposition that it was one of the named defendants who jumped on him and kneed him in the back. ECF No. 13. He goes on to explain his difficulty in obtaining information from the investigating officer to identify the officers responsible.

Liberally construing Plaintiff's pleadings, the Court finds that Plaintiff has at least stated a plausible claim for relief against Defendant Malik. After review of Plaintiff's opposition and in light of his incarcerated status, the Court will direct counsel for Montgomery County to provide him with any incident reports, use of force reports, and video footage related to the October 31, 2021 incident to assist Plaintiff in identifying how each Defendant specifically participated in the allegedly unconstitutional conduct. Upon receipt of the available documentation and video files, Plaintiff will be granted twenty-eight days in which to file an amended complaint describing, to the best of his ability, his claims against the remaining defendants, including what actions were taken by each which resulted in a violation of his constitutional rights. Accordingly, Defendants' Motion is denied as to Malik, Ivey, and Harris, without prejudice.

## IV.   Conclusion

By separate Order which follows, Defendants' Motion to Dismiss is GRANTED as to Defendants Talley and Malagari and denied without prejudice as to Defendants Ivey, Malik, and Harris.

\_1/18/2023_____           /s/_____
Date                                                          GEORGE J. HAZEL
                                                              United States District Judge